UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LUIS ALBERTO ESPINOZA SARMIENTO, GEOVANI
PEREZ and ALFREDO PEREZ, individually and on behalf of
all others similarly situated,

                               Plaintiffs,

               -against-

FLAGGE CONTRACTING INC., FRANCISCO RODRIGUEZ
and MIGUEL RODRIGUEZ MONTEIRO, as individuals,

                               Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**


**JURY TRIAL
REQUESTED**

       Plaintiff **LUIS ALBERTO ESPINOZA SARMIENTO, GEOVANI PEREZ and ALFREDO PEREZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **FLAGGE CONTRACTING INC., FRANCISCO RODRIGUEZ** and **MIGUEL RODRIGUEZ MONTEIRO, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 53-55 E Kinney St., Newark, NJ 07102.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## The JOB SITE

7. At all times relevant hereto, Plaintiffs performed construction work for the Defendants in various locations in New York, hereinafter referred to as the "Job Sites". These include, but are not limited to the following:

    a.  411 West 178th Street, New York, NY 10033

    b.  600 E 181 St., Bronx, NY 10457

    c.  2264 Loring Pl N, Bronx, NY 10468

    d.  491 E 165th Sr., Bronx, NY 10456

    e.  3930 3rd Ave., Bronx, NY 10457

    f.  571 E 167th St., Bronx, NY 10456

## THE PARTIES

8. Plaintiff LUIS ALBERTO ESPINOZA SARMIENTO residing at Corona, NY 11368 was employed by FLAGGE CONTRACTING INC., from in or around June 2014 until in or around February 2020.

9. Plaintiff GEOVANNI PEREZ residing at Bronx, NY 10460 was employed by FLAGGE CONTRACTING INC., from in or around March 2014 until in or around December 2018.

10. Plaintiff ALFREDO PEREZ residing at Corona, NY 10452 was employed by FLAGGE CONTRACTING INC., from in or around April 2014 until in or around December 2018.

11. Upon information and belief, Defendant FLAGGE CONTRACTING INC., is a New Jersey domestic business corporation, organized under the laws of the State of New Jersey with a principal executive office located at 53-55 E Kinney St., Newark, NJ 07102.

12. Upon information and belief, Defendants FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO, are the owners and operators of FLAGGE CONTRACTING INC.

13. Upon information and belief, Defendants FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO are agents of FLAGGE CONTRACTING INC.

14. Upon information and belief, Defendants FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO are responsible for overseeing the daily operations of FLAGGE CONTRACTING INC.

15. Upon information and belief, FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO have power and authority over all the final personnel decisions of FLAGGE CONTRACTING INC.

16. Upon information and belief, FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO have the power and authority over all final payroll decisions of FLAGGE CONTRACTING INC., including the Plaintiffs.

17. Upon information and belief, FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO have the exclusive final power to hire the employees of FLAGGE CONTRACTING INC., including the Plaintiffs.

18. Upon information and belief, FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO have exclusive final power over the firing and terminating of the employees of FLAGGE CONTRACTING INC., including Plaintiffs.

19. Upon information and belief, FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO are responsible for determining, establishing, and paying the wages of all employees of FLAGGE CONTRACTING INC., including the

Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that FLAGGE CONTRACTING INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed in November 2022.  As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning November 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## LUIS ALBERTO ESPINOZA SARMIENTO

23. Plaintiff LUIS ALBERTO ESPINOZA SARMIENTO was employed by FLAGGE CONTRACTING INC., as a carpenter, mason, concrete and rebar worker while performing related miscellaneous duties for the Defendants, from in or around June 2014 until in or around February 2020.

24. Plaintiff LUIS ALBERTO ESPINOZA SARMIENTO regularly worked approximately six (6) days per week during his employment with the Defendants.

25. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at

approximately 5:30 p.m. or later, three (3) days per week; approximately from 7:00 a.m. each workday and regularly ending at approximately 11:00 p.m. or later, two (2) days per week and from 7:00 a.m. each workday and regularly ending at approximately 3:30 p.m. or later, once per week.

26. Thus, Plaintiff was regularly required to work approximately seventy-two (72) hours or more hours each week from in or around June 2014 until in or around February 2020.

27. Plaintiff LUIS ALBERTO ESPINOZA SARMIENTO was paid by Defendants a flat hourly rate of approximately:

    i.   $25.00 per hour without regard for the number of hours worked from in or around November 2016 until in or around December 2018; and

    ii.   $33.00 per hour without regard for the number of hours worked from in or around January 2019 until in or around February 2020.

28. Although Plaintiff regularly worked approximately seventy-two (72) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Additionally, Defendants paid Plaintiff LUIS ALBERTO ESPINOZA SARMIENTO on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

**GEOVANI PEREZ**

30. Plaintiff GEOVANI PEREZ was employed by FLAGGE CONTRACTING INC., as a carpenter and mason while performing related miscellaneous duties for the Defendants, from in or around March 2014 until in or around December 2018.

31. Plaintiff GEOVANI PEREZ regularly worked approximately six (6) days per week during his employment with the Defendants.

32. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 7:30 p.m. or later, three (3) days per week; approximately from 7:00

5

a.m. each workday and regularly ending at approximately 5:30 p.m. or later, two (2) days per week and from 9:00 a.m. each workday and regularly ending at approximately 4:30 p.m. or later, once per week.

33. Thus, Plaintiff was regularly required to work approximately sixty-six (66) hours or more hours each week during the relevant statutory period.

34. Plaintiff GEOVANI PEREZ was paid by Defendants a flat hourly rate of approximately $25.00 per hour without regard for the number of hours worked during the relevant statutory period.

35. Although Plaintiff regularly worked approximately sixty-six (66) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

36. Additionally, Defendants paid Plaintiff GEOVANI PEREZ on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## **ALFREDO PEREZ**

37. Plaintiff ALFREDO PEREZ was employed by FLAGGE CONTRACTING INC., as a carpenter and mason while performing related miscellaneous duties for the Defendants, from in or around April 2014 until in or around December 2018.

38. Plaintiff ALFREDO PEREZ regularly worked approximately six (6) days per week during his employment with the Defendants.

39. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 8:30 p.m. or later, three (3) days per week; approximately from 7:00 a.m. each workday and regularly ending at approximately 5:30 p.m. or later, two (2) days per week and from 8:00 a.m. each workday and regularly ending at approximately 4:30 p.m. or later, once per week.

40. Thus, Plaintiff was regularly required to work approximately seventy (70) hours or more hours each week during the relevant statutory period.

41. Plaintiff ALFREDO PEREZ was paid by Defendants a flat hourly rate of approximately $25.00 per hour without regard for the number of hours worked during the relevant statutory period.

42. Although Plaintiff regularly worked approximately seventy (70) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Additionally, Defendants paid Plaintiff ALFREDO PEREZ on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

44. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

45. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

46. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

47. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

48. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

50. Collective Class: All persons who are or have been employed by the Defendants as carpenters, masons, concrete and rebar workers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

51. Upon information and belief, Defendants employed approximately 50 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

52. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

53. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

54. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

55. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

56. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

57. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

58. The claims of Plaintiff are typical of the claims of the whole putative class.

59. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

60. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

<u>**FIRST CAUSE OF ACTION**</u>

**Overtime Wages Under The Fair Labor Standards Act**

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

62. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

63. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

67. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

70. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

71. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

72. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

74. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

78. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

81. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

11

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 15, 2022
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS ALBERTO ESPINOZA SARMIENTO, GEOVANI PEREZ and ALFREDO PEREZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

FLAGGE CONTRACTING INC., FRANCISCO RODRIGUEZ and MIGUEL RODRIGUEZ MONTEIRO, as individuals,

Defendants,

---

**COLLECTIVE ACTION COMPLAINT**

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

<u>To</u>:

**Service via Secretary of State:**
**<u>FLAGGE CONTRACTING INC. (NJ DOT ID#0400097031)</u>**
53-55 E Kinney St., Newark, NJ 07102

**Via Personal Service:**
**<u>FLAGGE CONTRACTING INC.</u>**
53-55 E Kinney St., Newark, NJ 07102

**<u>FRANCISCO RODRIGUEZ</u>**
53-55 E Kinney St., Newark, NJ 07102
**<u>MIGUEL RODRIGUEZ MONTEIRO</u>**
53-55 E Kinney St., Newark, NJ 07102

13