UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        :
LUIS ALBERTO ESPINOZA SARMIENTO,  :
GEOVANI PEREZ, ALFREDO PEREZ,      :
JASMANY ADRIAN ORTIZ FERNANDEZ,  :
MILTON HERNANDEZ, WILSON            :     22-CV-9718 (VSB) (JLC)
HERNANDEZ, and CIRILO TORRES,       :
        :     **ORDER**
                            Plaintiffs,  :
        :
            - against -                  :
        :
        :
FLAGGE CONTRACTING INC., et al.,     :
        :
                         Defendants.  :
        :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

        On November 15, 2022, Plaintiffs Luis Alberto Espinoza Sarmiento ("Sarmiento"), Geovani Perez ("G. Perez"), Alfredo Perez ("A. Perez"), Jasmany Adrian Ortiz Fernandez ("Fernandez"), Milton Hernandez ("M. Hernandez"), Wilson Hernandez ("W. Hernandez"), and Cirilo Torres ("Torres) (together, "Plaintiffs"), former employees of Defendant Flagge Contracting Inc. ("Flagge"), brought this action against Flagge and its owners, Defendants Francisco Rodriguez ("Rodriguez") and Miguel Rodriguez Monteiro ("Monteiro") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). After certificates of default issued, I granted Plaintiffs a default judgment as to liability against the Defendants, and referred this case to Magistrate Judge James L. Cott for an inquest on damages. (Docs. 45, 46.)

        On February 27, 2024, Magistrate Judge Cott issued a thorough 29-page Report and Recommendation recommending that Plaintiffs be "awarded damages in the amount of

$942,648.26." (Doc. 55 at 2.) None of the parties filed any objections to the Report and Recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "the parties shall have fourteen (14) days from service of this Report to file written objections [to this Report and Recommendation]" and "[the] failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review [pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72]," (Doc. 55 at 28–29), none of the parties filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Cott's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: May 1, 2024
      New York, New York

                                                   Vernon S. Broderick
                                                   United States District Judge